IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LINDA LANDAN**, **HOLLY AND LINDSEY, LLC**, **JEFFREY J. SIKIRICA**, Trustee for B.L. MCCANDLESS, LP., **B.L. MCCANDLESS, LP**, **BROAD LAND PA, LLC**, **BLAZIER DRIVE, LLC,**<br><br>Plaintiffs,<br><br>v.<br><br>**WAL-MART REAL ESTATE BUSINESS TRUST**, **WAL-MART STORES EAST, LP**, **WAL-MART STORES, INC.**, **S. ROBSON WALTON**, President, **BRIAN CORNELL**, President Wal-Mart Real Estate, **MICHAEL T. DUKE**, EVP, **CHARLES M. HOLLEY, JR.**, CFO, Walmart Realty**,**<br><br>Defendants. | 2:12cv926<br>**Electronic Filing** |

## MEMORANDUM ORDER

AND NOW, this 30th day of September, 2015, upon due consideration of the Supplemental Motion to Reinstate Count II for Promissory Estoppel by plaintiffs Jeffrey J. Sikirica, B.L. McCandless, L.P., and Blazier Drive, L.L.C. ("plaintiffs"), and the parties' submissions in conjunction therewith, IT IS ORDERED that [92] the motion be, and the same hereby is, granted;

IT IS FURTHER ORDERED that [80] plaintiffs motion to reopen and reinstate Count II for promissory estoppel be, and the same hereby is, denied as moot; and

IT IS FURTHER ORDERED that the Case Management Order of March 14, 2013, be, and the same hereby is, amended as follows:

1. All fact and expert discovery on Count II shall be completed by 12/4/15;

2. All dispositive motions as to Count II shall be filed on or before 1/9/16.

In all other aspects the Case Management Order of March 14, 2013, remains unchanged.

Defendants moved to dismiss Count II. Per this court's order entered August 3, 2013 ("the November 3, 2013 Order") Count II for promissory estoppel in the First Amended Complaint was "dismissed without prejudice to its reinstatement in the event further proceedings lead to a showing that a claim for promissory estoppel is the only way to avoid injustice." (ECF No. 35, p. 10). That order was not certified as a final order under Rule 54(b). On November 10, 2014, plaintiffs filed a motion to reinstate Count II for promissory estoppel pursuant to Fed. R. Civ. P. 60(b). (ECF No. 80). Summary judgment was granted with respect to plaintiffs' remaining claim for breach of contract on March 31, 2015. (ECF No. 91). Plaintiffs then filed their supplemental motion to reinstate. (ECF No. 92).

In accordance with the November 3, 2013 Order, plaintiffs' claim for promissory estoppel will be reinstated as it is now the sole vehicle by which they potentially can be able to obtain relief for their alleged damages. Defendants were well aware of and had notice of the pendency of Count II when the litigation was commenced and asked for the relief of dismissal of that claim under the standards governing federal pleadings. There was not any deficiency in Count II beyond the fact that plaintiffs had pled and sought to prove a breach of contract claim at Count I. Having obtained a dismissal of Count II on that premise, they are estopped from relying on the timeliness of the claim at this stage of the proceedings. At the very least, Rule 15(a)(2) and Rule 15(c)(1)(B) operate to preclude such tactical maneuvering.

Furthermore, defendants now seek to utilize pleading standards to defeat a validly stated claim. Due process does not permit such an approach. Accordingly, (1) the claim has been reinstated, (2) plaintiffs have been afforded the due process necessary to develop evidence to support the claim and (3) defendants have been afforded the due process necessary to challenge

2

the legal sufficiency of such evidence under the standards and substantive law governing Count II.

                                                <u>s/ David Stewart Cercone</u>
                                                David Stewart Cercone
                                                United States District Judge

cc:      Marvin Leibowitz, Esquire
          Ronald W. Crouch, Esquire
          Kevin Batik, Esquire

          (*Via CM/ECF Electronic Mail*)